UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIAS ZAMBRANO, JR., <br><br> Defendant. | Case No.:1:18-cr-00253 DAD-BAM <br><br> ORDER DENYING DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL <br><br> (ECF Nos. 58, 59, 60) <br><br> FIVE DAY DEADLINE |

On April 3, 2019, Defendant Ellias Zambrano, Jr., ("Defendant"), filed a request to file a motion to withdraw under seal. In support of this request the defendant lodged with this Court the following documents:

1. Motion to File a Document under Seal.
2. Motion to Withdraw.
3. Declaration of Yan E. Shrayberman in Support of the Motion to withdraw.

"Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents." Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon, 920 F.2d 1462, 1465 (9th Cir. 1990); accord United States v. Guerrero, 693 F.3d 990, 1000 (9th Cir. 2012). Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and

documents." (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). This right to public access exists in both civil and criminal proceedings. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (civil); Oregonian Pub. Co., 920 F.2d at 1465 (criminal). "[T]here is a general First Amendment right of access to pretrial hearings and documents. Guerrero, 693 F.3d at 1001.

"The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Oregonian Pub. Co., 920 F.2d at 1466 (quoting Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986)); accord Guerrero, 693 F.3d at 1002. The party seeking to seal the documents has the burden of presenting facts to support closure of the record and to demonstrate that available alternatives will not protect his rights. Oregonian Pub. Co., 920 F.2d at 1467.

The right of public access is not absolute, but may accede to the rights of the accused. Guerrero, 693 F.3d at 1002. "The presumption of access may be overcome 'only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.' " Id. (quoting Press–Enterprise Co. v. Superior Court, 464 U.S. 510 (1985)).

Here, Defendant seeks closure of the motion stating that it contains private attorney-client matters that should not be made available to the public. However, upon review of the motion and counsel's declaration, the Court does not find any private attorney-client matters that would be harmed by filing the motion in the case. A general allegation that a fee has been paid for services or an inability to pay is not the type of attorney-client communication would be covered by attorney-client

| 1 | privilege. "Generally, the attorney-client privilege does not safeguard against the
| 2 | disclosure of either the identity of the fee-payer or the fee arrangement.' Ralls v.
| 3 | United States, 52 F.3d 223, 225 (9th Cir. 1995) (quoting In re Grand Jury Proceedings
| 4 | (Goodman), 33 F.3d 1060, 1063 (9th Cir.), cert. denied, 513 U.S. 867 (1994)). "This is
| 5 | so because the attorney-client privilege applies only to confidential professional
| 6 | communications, and the payment of fees is usually incidental to the attorney-client
| 7 | relationship." Ralls, 52 F.3d at 225.

Further, although the motion to seal states that the motion to withdraw contains private financial information of the defendant, the Court finds that the facts stated in the motion do not disclose any financial information that would be entitled to privacy such that it would serve a compelling reason to justify sealing the record.

Accordingly, Defendants' request to file the motion to withdraw under seal is HEREBY DENIED. Defendant shall file the motion to withdraw within five days of the date of entry of this order and shall set the motion for hearing pursuant to Local Rule 430.1.

IT IS SO ORDERED.

Dated: **April 3, 2019**

UNITED STATES MAGISTRATE JUDGE